UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINA HART,

    Plaintiff,

v.                        CASE #

NEW YORK LIFE INSURANCE COMPANY
AS SUCCESSOR IN INTEREST OF LIFE
INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, CHRISTINA HART (HART), sues Defendant, NEW YORK LIFE INSURANCE COMPANY AS SUCCESSOR IN INTEREST OF LIFE INSURANCE COMPANY OF NORTH AMERICA (NYL), and states:

### Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. §1132.

3. NYL is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. HART was at all relevant times employed by Advent Health System ("ADVENT") at a location within this District.

5. ADVENT is the Plan Sponsor of an employee benefit plan providing disability benefits to its employees (the Plan).

6. At all relevant times, HART is and/or was a participant in the Plan incident to his employment.

7. Venue is proper within this District.

**Standard of Review Applicable to this ERISA Action**

8. ADVENT funded its Plan by purchasing a group policy of insurance (Policy #LK-980337). A copy of the Long Term Disability policy is attached hereto as Exhibit "A".

9. NYL made benefits determinations under the group policy on Plaintiff's claim.

10. The Plan's terms do not grant discretionary authority to NYL. Alternatively, the Plan Administrator or Plan Sponsor did not properly delegate discretion to NYL.

11. The Long Term Disability group policy was drafted in its entirety by NYL.

12. The Long Term Disability group policy is a contract of adhesion.

13. ADVENT and NYL use the group insurance policy issued by NYL (Exhibit A) as both the Plan document and policy language.

14. No other plan documents exist other than the group insurance policy (Exhibit A).

15. No originating plan document exists that instituted the Plan.

16. No originating plan document or other document exists in which NYL reserved any discretionary authority to itself in relation to the Plan.

17. The employees or agents of ADVENT and NYL did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from ADVENT to NYL.

18. At the inception of the Plan, ADVENT did not retain to itself the authority to delegate discretionary authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

19. At the time it purchased the Long Term Disability group insurance policy from NYL, ADVENT did not have any discretionary authority which it could delegate to an insurance company.

20. There is no mention of any delegation of discretion to NYL within the four corners of the Long Term Disability group insurance policy which funds the Plan.

21. NYL was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because of one or more of the following:

   a) ADVENT never had the authority to delegate discretion to NYL following the inception of its disability plan;

   b) Discretionary authority is a material concept that NYL never discussed or negotiated with ADVENT;

   c) The Long Term Disability group insurance policy is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

   d) If it had the power to delegate discretion, ADVENT did not properly delegate discretionary authority over claims decisions to NYL.

22. De novo review applies to this action.

23. To the extent that this court determines that de novo review does not apply to this action, NYL pays claims from its own general assets as the claims decision maker and funder of the group insurance policy, and NYL operates under a conflict of interest.

24. NYL is the Plan's claims administrator; handling claims under the insurance policy.

25. Any claims paid under the Long Term Group Insurance Policy, are paid by NYL entirely from NYL's assets.

26. No assets of ADVENT are used to pay claims under the Long Term Disability group insurance policy.

### **Violation of 29 C.F.R. § 2560.503-1**

27. NYL denied HART's claim for Long Term Disability benefits on April 11, 2023.

28. HART submitted a timely appeal of the denial of benefits to NYL which was received by facsimile on August 23, 2023, and by USPS track post on August 28, 2023.

29. Under 29 C.F.R. § 2560-503.1(h)(4)(i)(3)(i) NYL had 45 days to issue a claim decision or ask for 45 more days, for 90 total days, to issue a claim decision.

30. NYL did request more time before the 45-day deadline but failed to issue a claim decision by the 90-day deadline.

31. Before any tolling, NYL's decision was due on November 26, 2023.

32. There was a tolling period between November 16, 2023, and December 11, 2023.

33. NYL's decision with all applicable tolling was due December 21, 2023.

34. By operation of 29 C.F.R. § 2560.503-1(l), LINA failed to establish and follow a reasonable claim procedure, because it violated

the time requirements contained in the regulation for issuing its decision.

35. Pursuant to 29 C.F.R. § 2560.503-1(l), HART' claim is deemed denied and any required administrative remedies are deemed exhausted by LINA's failure to make a decision within the time required by 29 C.F.R. § 2560-503-1.

36. Due to LINA's failure to decide HART' appeal within the time required by 29 C.F.R. § 2560.503-1, de novo review applies to this action.

37. With respect to all claims made herein, HART has exhausted all administrative/pre-suit remedies.

## Claim for Disability Benefits Under the Plan

38. HART stopped working on August 27, 2020, because of chronic, intractable pain back, chronic pain syndrome, spondylosis, spinal stenosis, radiculopathy, mononeuropathy, sacroiliitis, and arm pain.

39. At all relevant times, a Plan participant is and was eligible to receive Long Term Disability benefits when the participant meets the following definition stated in the group insurance policy funding the Plan:

40. HART was approved for Long Term Disability benefits under the Plan on April 30, 2021, with benefits going back to February 23, 2021.

41. At the mandate of NYL, HART applied for and was approved for Social Security Disability. The decision date was September 4, 2022.

42. NYL denied HART's claim for Long Term Disability benefits on April 11, 2023.

43. The basis for NYL's initial denial was that HART did not meet the Plan's definition of disability.

44. HART submitted a timely appeal of the denial of benefits to NYL on August 23, 2023.

45. At all relevant times, HART met the terms of the Plan's definition of "disabled."

46. HART was a nurse for ADVENT.

47. HART's treating providers have not issued a release to return to work.

48. NYL failed to issue a claim decision within the timelines set by 29 C.F.R. § 2560-503.1(h)(4)(i)(3)(i) to HART's appeal, therefore the appeal is deemed denied.

49. NYL has refused to pay the benefits sought by HART and as grounds for such refusal has alleged that Plaintiff does not meet the definition of disability in the Plan.

50. With respect to all claims made herein, HART has exhausted all administrative/pre-suit remedies.

51. HART is entitled to certain benefits under the Plan consisting of benefits for Long Term Disability from February 23, 2023, through the date of filing this action.

52. HART's gross plan benefit is $6,013.64 per month.

53. Social Security Disability in the amount of $1,491.00 is deducted from that amount.

54. Therefore, the net plan benefit is $2,117.18.

55. There are 10.4 months of past-due monthly benefit payments owed through the date of filing this action

56. NYL has deprived HART of the aggregate sum of $21,948.14.

57. Plaintiff is entitled to benefits herein because:

   a. The benefits are permitted under the Plan.

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits.

   c. Plaintiff has not waived or relinquished entitlement to the benefit.

58. Each monthly benefit payment owed is a liquidated sum and became liquidated on the date the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

59. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), HART is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

WHEREFORE, the Plaintiff, CHRISTINA HART, asks this Court to enter judgment against the Defendant, NEW YORK LIFE INSURANCE COMPANY AS SUCCESSOR IN INTEREST OF LIFE INSURANCE COMPANY OF NORTH AMERICA, a foreign corporation, finding that:

(1) The Plaintiff is entitled to Long Term Disability benefits from February 23, 2023, through the filing of this lawsuit; and

(2) The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from February 23, 2023, to the date of filing this lawsuit total of $21,948.14 together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(3) The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

(4) For such other and further relief as this Court deems just and proper, including but not limited to:

a. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

b. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

c. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

Signed this 6th day of January 2024.

HERMAN & WELLS, P.A.

**/s/ William C. Demas**
William C. Demas, Esq.
FBN: 0142920
5701 Park Blvd., N
Pinellas Park, FL 33781
(727) 821-3195 (phone)
(877) 395-1574 (fax)
Attorney and Lead Counsel
for Plaintiff
